# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## MISSOULA DIVISION



| | |
|---|---|
| ALBERTO GUILLEN and (e.g., S.B.S.G.),<br><br>Plaintiffs,<br><br>vs.<br><br>COURTNEY CALLAGHAN, PATRICK SHANON, and BOBY BACKER,<br><br>Defendants. | Cause No. CV 13-48-M-DWM-JCL<br><br>ORDER |

Pending is Plaintiff Alberto Guillen's Motion for Reconsideration of the Court's June 10, 2013 Order denying Guillen's request to take supervisory control over two cases he has pending in the Montana Supreme Court. The motion will be denied.

Pursuant to Local Rule 7.3(b), a motion for leave to file a motion for reconsideration must meet at least one of the following two criteria:

(1) (A) the facts or applicable law are materially different from the facts or applicable law that the parties presented to the Court before entry of the order for which reconsideration is sought, and
(B) despite the exercise of reasonable diligence, the party applying for reconsideration did not know such fact or

1

> law before entry of the order; or
> (2) new material facts emerged or a change of law occurred after entry of the order.

Guillen contends there are materially different facts which justify reconsideration of the Court's prior Order. He attaches an April 26, 2013 letter to his appellate counsel asking her to raise an issue on appeal. He contends it has been two months and he has not received a reply to his letter and his appellate counsel failed to bring up the issue in his appeal. He states this will cause irreparable injury to him because he will be barred from raising this issue in later proceedings. (Dkt. 11-1, p. 2). He contends he has been abandoned by his appellate defender and is not able to correct misinformation cited by the Montana Supreme Court.

Guillen alleges he will suffer irreparable harm in his second case before the Montana Supreme Court because he believes that even though there is a stay in the judgment of the termination of his parental rights and the appeal is pending, his mother informed him that "C.F.S." is going to adopt his daughter.

These are not new facts which have emerged since the filing of Guillen's motion and the entry of the Court's prior Order. Guillen's Motion for the Court to take supervisory control was filed on June 10, 2013 and the Order denying that motion was issued June 25, 2013. (Dkt. 10). His Motion for Reconsideration was

filed on July 8, 2013. The issues Guillen raises in his motion for reconsideration did not arise between June 10, 2013 and July 8, 2013. There is no basis for reconsideration of the Court's prior Order. The Court will not interfere in Guillen's ongoing state court proceedings. *Younger v. Harris*, 401 U.S. 37 (1971).

Based on the foregoing, the Court issues the following:

**ORDER**

1. Guillen's Motion for Reconsideration (Dkt. 11) is denied.

2. At all times during the pendency of this action, Guillen shall immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

DATED this 31st day of July, 2013.

Jeremiah C. Lynch
United States Magistrate Judge