
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ALBERTO GUILLEN and (e.g. S.B.S.G.),<br><br>Plaintiffs,<br><br>vs.<br><br>COURTNEY CALLAGHAN, PATRICK SHANON, and BOBY BAKER,<br><br>Defendants. | CV 13-48-M-DWM-JCL<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

By Order dated May 3, 2013, the Court began the prescreening process required by 28 U.S.C. §§ 1915, 1915A of Plaintiff Alberto Guillen's Complaint. (Doc. 5.) Guillen contends Defendants fabricated evidence and made false statements in a dependency petition for his infant daughter. Guillen was given an opportunity to file an amended complaint which he did on May 31, 2013. (Amended Complaint, Doc. 7.) Guillen's Amended Complaint supercedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997).

After review of the Amended Complaint, the Court cannot say that Guillen's allegations fail to state a claim against Defendants Callaghan and Shanon. The Amended Complaint will be served upon these Defendants. Guillen has failed to state a claim upon which relief may be granted against Defendants Baker and

1

Community Medical Center. The Department of Children and Family Services is entitled to immunity. These defendants will be recommended for dismissal.

## I. Background

In his Amended Complaint, Guillen complains that his daughter was wrongfully removed from his custody within weeks of her birth. Guillen named Courtney Callaghan, Patrick Shanon, and Boby Baker as Defendants in both his original complaint and amended complaint. In his Amended Complaint, Guillen also names the Department of Child and Family Services and Community Medical Center as Defendants.

Guillen alleges in his Amended Complaint that Defendant Boby Baker, a social worker at Community Medical Center, failed to follow state procedures to remove his child from his custody and made false statements in progress notes claiming that the natural parents did not spend the nights at the hospital with their daughter. (Amended Complaint, Doc. 7 at 7.) He alleges Community Medical Center failed to monitor its staff. (Amended Complaint, Doc. 7 at 8.)

Guillen alleges Defendant Patrick Shanon, a social worker with the Department of Child and Family Services, failed to follow state court procedures for removing his child from his custody and fabricated evidence by submitting false statements in a dependency petition. (Amended Complaint, Doc. 7 at 5.) He

2

alleges Shanon's statements in the dependency petition that the natural parents were not present at the hospital on December 4, 5, and 6, 2010; that the natural parents were inattentive and did not care for the child; and that the mother did not want the child were false. (Amended Complaint, Doc. 7 at 5-6.) He alleges Courtney Callaghan, a supervisor at the Department of Child and Family Services, failed to monitor Patrick Shanon, signed the document that approved the removal of his child from his custody, and failed to follow state court procedures to remove his child from his custody. (Amended Complaint, Doc. 7 at 7.) Lastly, Guillen alleges the Department of Child and Family Services failed to monitor its staff. (Amended Complaint, Doc. 7 at 8.)

## II. Prescreening Analysis

### A. Release from Prison

To the extent Guillen brings any claims challenging his conviction or seeking release from prison (Amended Complaint, Doc. 7 at 18), those claims must be dismissed pursuant to the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the United States Supreme Court held that a civil rights complaint under § 1983 cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that

the conviction or sentence has already been invalidated." *Id.* at 487. Guillen's conviction and sentence have not been invalidated. He cannot seek release from prison in a civil action brought pursuant to 42 U.S.C. § 1983. Those claims must be dismissed.

**B. Private Defendants**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[P]rivate parties are not generally acting under color of state law, and ... conclusionary allegations, unsupported by facts, will be rejected as insufficient to state a claim under the Civil Rights Act." *Price v. Hawaii*, 939 F.2d 702, 707–708 (9th Cir. 1991) (internal alterations and quotation marks omitted). Therefore, courts "start with the presumption that private conduct does not constitute governmental action." *Sutton v. Providence St. Joseph Medical Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). "A private party may be considered to have acted under color of state law when it engages in a conspiracy or acts in concert with state agents to deprive one's constitutional rights." *Fonda v. Gray*, 707 F.2d 435, 437 (9th Cir. 1983) (internal citations omitted). Joint action "requires a substantial degree of cooperative

4

action." *Collins v. Womancare*, 878 F.2d 1145, 1154 (9th Cir. 1989).

Guillen makes no allegation in his Amended Complaint that Baker or Community Medical Center were working jointly with the State defendants to effectuate the removal of his daughter from his custody. In fact, the Amended Complaint alleges that Baker was acting alone when she told Guillen and the child's mother to leave the hospital. (Amended Complaint, Doc. 7 at 9). Even if Baker made false statements in progress notes, there is no allegation that she was acting under color of state law, jointly with the state defendants or in conspiracy with the state defendants. The mere furnishing of information to the Department of Child and Family Services does not constitute joint action under color of state law sufficient to render a private citizen liable under § 1983. *Benavidez v. Gunnell*, 722 F.2d 615 (10th Cir. 1983); *see also Fonda*, 707 F.2d at 438 (the mere acquiescence of private actors to the investigation request of state actors is insufficient to prove a conspiracy). Guillen cannot proceed with a federal claim under 42 U.S.C. § 1983 against Defendants Baker or Community Medical Center.

### C. Procedural Due Process

The only potential claim that this Court can construe from the facts alleged in the Amended Complaint is a due process claim brought pursuant to the Fourteenth Amendment of the United States Constitution and emanating from the

removal of Guillen's daughter from his custody. Parents have a constitutionally protected liberty interest in the care and custody of their children. *Santosky v. Kramer*, 455 U.S. 745, 753 (1982). But a parent can only "state a cause of action under § 1983 when [he] alleges that the state terminated [his] parent-child relationship without due process of law." *Smoot v. City of Placentia*, 950 F.Supp. 282, 283 (C.D.Cal. 1997). "It is clear that a parent has a constitutionally protected interest in the custody and care of his or her children. However, it is also clear that this interest is not absolute. In an emergency situation, a state agency may remove children from their parents' custody when the children are subject to immediate or apparent danger or harm." *Caldwell v. LeFaver*, 928 F.2d 331, 333 (9th Cir. 1991)(internal citations omitted).

While there may be jurisdictional questions regarding these claims, it is not possible to make that determination based upon Guillen's filings and his appellate brief filed in the Montana Supreme Court. The issue on appeal to the Montana Supreme Court is the termination of Guillen's parental rights, not necessarily the initial removal of his daughter from his custody. Out of an abundance of caution, this claim will be served upon Defendants Callaghan and Shanon.

### D. Department of Child and Family Services

The State of Montana and all state agencies are protected by immunity

6

under the Eleventh Amendment to the United States Constitution. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI; see also Edelman v. Jordan, 415 U.S. 651, 664 (1974). The United States Supreme Court has interpreted this amendment to mean that absent waiver, neither a State nor an agency of the State acting under its control may "be subject to suit in federal court." *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). The State of Montana has waived immunity only for tort claims brought in state court. Mont. Code Ann. § 2-9-101 et seq. There is an exception to the general prohibition of the Eleventh Amendment when seeking prospective declaratory or injunctive relief against state officials in their official capacity. *Idaho v. Couer d'Alene Tribe*, 521 U.S. 261 (1997). This exception does not apply since Guillen is not seeking injunctive relief against the Department of Child and Family Services.

Under Montana law, DPHHS–CFSD is a state agency. *See Blackburn v. Blue Mountain Women's Clinic*, 951 P.2d 1, 16 (Mont. 1997); MCA § 2-15-104(2)(a). Therefore, DPHHS–CFSD is entitled to Eleventh Amendment

immunity and Guillen's claims against the Montana Department of Child and Family Services cannot be brought in federal court.

## III. Conclusion

The Court has considered whether Guillen's Amended Complaint is frivolous, malicious, fails to state a claim, or seeks solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). It has also considered whether Guillen has a reasonable opportunity to prevail on the merits. *See* 42 U.S.C. § 1997e(g). The Court concludes that dismissal of Defendants Callaghan and Shanon is not appropriate at this time and they must make an appearance on Guillen's claims. The Court makes no conclusions about the truth of Guillen's allegations or about the strength of his claims or of the evidence he might offer to corroborate them. The Court only finds that Guillen has said enough to require a response from these Defendants.

Guillen's claims against Boby Baker and Community Medical Center fail to state a federal claim upon which relief may be granted. These defendants are not state actors and there is no allegation that there were acting under color of state law. The Department of Child and Family Services is entitled to Eleventh Amendment immunity. These defendants will be recommended for dismissal.

Based on the foregoing, the Court issues the following:

**ORDER**

1. Pursuant to Fed.R.Civ.P. 4(d), the Court will request Defendants Callaghan and Shanon to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons.[1] The Waiver must be returned to the Court within **thirty (30) days of the entry date reflected on the Notice of Electronic Filing**. If Defendants choose to return the Waiver of Service of Summons, the answer or an appropriate motion will be due within 60 days after the entry date reflected on the Notice of Electronic Filing for this Order, pursuant to Fed.R.Civ.P. 12(a)(1)(B). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

---

[1]Defendants Baker, Community Medical Center, and the Department of Child and Family Services will be recommended for dismissal and are not required to file a responsive pleading at this time.

2. The Clerk of Court shall forward the documents listed below to:

Courtney Callaghan
Patrick Shanon
DPHHS, Child and Family Services
2677 Palmer Street, Suite 300
Missoula MT 59808-1700

* the Complaint (Doc. 2);

* the Amended Complaint (Doc. 7);

* the Supplements to Complaint (Doc. 12, 13, 15);

* this Order;

* a Notice of Lawsuit & Request to Waive Service of Summons; and

* a Waiver of Service of Summons

Counsel for Defendants must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed. *See* D. Mont. L.R. 12.2.

3. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in

letter form.

4. Pursuant to Fed.R.Civ.P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented. Each party shall sign and attach a proper certificate of service to each document filed with the Court. The Certificate of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent. The sender must sign the certificate of service.

5. Guillen <u>shall not</u> make any motion for default until at least seventy (70) days after the date of this Order.

6. At all times during the pendency of this action, Guillen shall immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

1. Defendants Baker, Community Medical Center, and the Department of Child and Family Services should be dismissed.

2. All claims challenging Guillen's conviction and sentence should be

dismissed without prejudice.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Guillen may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof. 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 5th day of December, 2013.

Jeremiah C. Lynch
United States Magistrate Judge

# NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO: Courtney Callaghan and
Patrick Shanon
DPHHS, Child and Family Services
2677 Palmer Street, Suite 300
Missoula MT 59808-1700

A lawsuit has been commenced by a pro se plaintiff against you. A copy the Complaint and Amended Complaint are attached to this notice. It has been filed in the United States District Court for the District of Montana, Civil Action No. CV-13-00048-M-DWM-JCL. The Court has completed its pre-screening and concludes you must file a responsive pleading. *See* 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

This is not a formal summons or notification from the Court, but rather a request that you sign and file the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service. The cost of service will be avoided if you file the signed Waiver of Service of Summons within 30 days after the entry date reflected on the Notice of Electronic Filing of the "Order to Serve Complaint by Requesting Waiver of Service of Summons," served with this Notice.

If you comply with this request and timely file the waiver, no summons will be served. The action will then proceed as if you had been served on the date the waiver is filed, except you must file an answer or appropriate motion before 60 days from the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you do not wish to waive service, please indicate this on the Waiver of Service of Summons form. The Court will, in turn, order the U.S. Marshal's Service to serve the complaint personally on you and may impose the full costs of such service.

_____
Jeremiah C. Lynch
United States Magistrate Judge

# WAIVER OF SERVICE OF SUMMONS

TO:  The U.S. District Court for the District of Montana

The following Defendants acknowledge receipt of your request that they waive service of summons in the following action: *Guillen v. Callaghan, et al.*, Civil Action No. CV-13-00048-M-DWM-JCL filed in the United States District Court for the District of Montana. Defendants also received a copy of the Complaint and Amended Complaint. Defendants agree to save the cost of service of a summons and an additional copy of the complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

The above-named defendants retain all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons. We understand judgments may be entered against the above-named defendants if an answer or motion under Fed.R.Civ.P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

The following defendant declines to waive service.

_____; _____;

_____; _____;

_____
DATE

_____
SIGNATURE

_____
PRINTED/TYPED NAME

_____
ADDRESS