

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ALBERTO GUILLEN and (e.g. S.B.S.G.),<br><br>Plaintiffs,<br><br>vs.<br><br>COURTNEY CALLAGHAN, PATRICK SHANON, BOBY BACKER, THE DEPARTMENT OF CHILD AND FAMILY SERVICES, and COMMUNITY MEDICAL CENTER,<br><br>Defendants. | CV 13–48–M–DWM–JCL<br><br>ORDER |

This matter comes before the Court on the Findings and Recommendations of United States Magistrate Judge Jeremiah C. Lynch. (Doc. 16.) Plaintiff is a prisoner proceeding without counsel. (Doc. 5 at 2.) His Complaint alleges that Defendants acted improperly in the care they provided for his infant daughter after she was born in November 2010. (Doc. 2.) Guillen purports to bring this action on his own behalf and on behalf of his daughter, S.B.S.G. (*Id.* at 3.) Guillen is the sole party in this action, however, because a litigant proceeding *pro se* cannot represent any other party, even a minor child. *Johns v. County of San Diego*, 114

F.3d 874, 877 (9th Cir. 1977).

Guillen moved the Court for leave to proceed *in forma pauperis*. (Doc. 1.) Judge Lynch found that Guillen's declaration and account statement met the requirements set forth at 28 U.S.C. § 1915(a) and granted Plaintiff's request. (Doc. 5 at 1-2, 15.) Guillen moved for appointment of counsel. (Doc. 3.) Judge Lynch found appointment of counsel not warranted and denied Plaintiff's request. (Doc. 5 at 12-13, 16.) After screening Guillen's Complaint under the process defined at 28 U.S.C. § 1915, Judge Lynch found that Plaintiff's complaint failed to state a claim upon which relief might be granted and gave Guillen an opportunity to file an amended complaint. (*Id.* at 6-11, 13-15.)

Guillen details allegations regarding the removal of his infant daughter from his custody in his Amended Complaint. (Doc. 7.) Judge Lynch's review of the Amended Complaint reveals that the facts alleged arguably present a claim for relief under 42 U.S.C. § 1983 for deprivation of due process of law. (Doc. 16 at 5-6.) The facts alleged surrounding the removal of Guillen's daughter from his custody form the basis of this claim. (*Id.*) This claim is only potentially viable as to Defendants Courtney Callaghan and Patrick Shanon, however. (*Id.* at 5-6.) Judge Lynch ordered the Amended Complaint be served on these Defendants. (*Id.* at 10.)

Judge Lynch finds that Plaintiff's claim against Defendants Boby Baker and Community Medical Center fails to state a claim on which relief might be granted because these Defendants are not state actors and it is not alleged that they were acting under color of state law. (*Id.* at 4-5.) Judge Lynch further finds that Plaintiff's claim against Defendant Montana Department of Child and Family Services is not viable because the department is entitled to Eleventh Amendment immunity. (*Id.* at 6-8.) Judge Lynch accordingly recommends that claims against Defendants Baker, Community Medical Center, and the Montana Department of Child and Family Services be dismissed. (*Id.* at 11.) Judge Lynch also recommends dismissal of any claim that seeks release from prison or challenges Guillen's conviction, pursuant to the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). (*Id.* at 3-4, 11-12.)

Plaintiff timely filed Objections to Judge Lynch's Findings and Recommendations. (Doc. 17.) When a party objects to any portion of Findings and Recommendations issued by a Magistrate Judge, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir.1981). The Court has considered the arguments presented in Guillen's Objections and conducted a *de novo* review of Judge

Lynch's Findings and Recommendations. Guillen's objections are without merit; the Findings and Recommendations are well-founded and accordingly adopted in full.

Guillen first objects to the determination that dismissal of private party Defendants Boby Baker and Community Medical Center is appropriate because they are not state actors and are not alleged to have acted under color of state law. (Doc. 17 at 1.) Guillen asserts that these parties "were involved in causing the false information to get into the dependency petition" and therefore acted under color of state law. (*Id.*) This assertion does not rejoin the authority cited by Judge Lynch in support of his conclusion that the acts of Defendants Baker and Community Medical Center are not fairly attributable to the state. (*See* Doc. 16 at 4-5.) No new facts are included in Guillen's Objections to disturb Judge Lynch's recommendation that these Defendants be dismissed. After *de novo* review, the Court finds Defendants Baker and Community Medical Center did not act under color of state law and Guillen's claims against them are accordingly dismissed.

In his Objections, Guillen again asserts claims related to the termination of his parental rights. (Doc. 17 at 2-3.) These claims are not responsive to Judge Lynch's Findings and Recommendations. While this material may be relevant to Guillen's continued pursuit of this matter against Defendants Courtney Callaghan

and Patrick Shanon, these objections fail to rejoin the arguments and conclusions presented in the Findings and Recommendations now before the Court and are otherwise without merit.

IT IS ORDERED that the Findings and Recommendations of United States Magistrate Judge Jeremiah C. Lynch, (Doc. 17), are ADOPTED IN FULL. Claims against Defendants Baker, Community Medical Center, and the Montana Department of Child and Family Services asserted in Guillen's Amended Complaint, (Doc. 7), are hereby DISMISSED.

DATED this 6th day of January, 2014.

Donald W. Molloy, District Judge
United States District Court